UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>STEVEN ARILD LAVERA,<br>Defendant. | NO. 2:26-cr-00140-JNW-1<br><br>ORDER APPOINTING RUSSELL M. AOKI AS THE COORDINATING DISCOVERY ATTORNEY |

It is hereby **ORDERED** that Russell M. Aoki of Aoki Law PLLC is appointed as Coordinating Discovery Attorney for court-appointed defense counsel.

The Coordinating Discovery Attorney shall oversee any discovery issues. His responsibilities will include:

- Managing and, unless otherwise agreed upon with the Government, distributing discovery produced by the Government and relevant third-party information;
- Assessing the amount and type of case data to determine what kinds of technology should be evaluated and used so duplicative costs are avoided and the most efficient and cost-effective methods are identified;
- Acting as a liaison with federal prosecutors to ensure the timely and effective exchange of discovery;
- Identifying, evaluating, and engaging third-party vendors and other litigation support services;
- Assessing the needs of defense counsel and further identifying any additional vendor support that may be required - including copying, scanning, forensic imaging, data processing, data hosting, trial presentation, and other technology depending on the nature of the case;

- Identifying any additional human resources that may be needed by the individual parties for the organization and substantive review of information; and
- Providing training on the use of litigation support tools.

When executing these responsibilities, the Coordinating Discovery Attorney shall assess, with input from defense counsel, the most effective and cost-efficient manner of organizing the discovery.

The Coordinating Discovery Attorney's duties do not include providing representation services and, therefore, shall not establish an attorney-client relationship with the defendant.

Any common discovery already produced by the Government before this Order is being provided to counsel by the Coordinating Discovery Attorney. Any additional discovery not already produced shall be provided directly to the Coordinating Discovery Attorney, who shall duplicate and distribute the discovery to defense counsel, unless the Government elects to produce discovery directly to defense counsel with a simultaneous copy to the Coordinating Discovery Attorney. If discovery is produced within 30 days before trial, the Government shall provide a copy directly to defense counsel, with a copy to the Coordinating Discovery Attorney.

The Coordinating Discovery Attorney shall petition this Court, *ex parte*, for funds for outside services and shall monitor all vendor invoices for these services, including confirming that the work previously agreed upon was performed. However,

the Administrative Office of the U.S. Courts Defender Services Office will pay for his time and the time spent by his staff. All petitions for outside services shall include a basis for the requested funds and an assessment of whether the costs of the services are necessary and reasonable.

The Coordinating Discovery Attorney shall also provide this Court with monthly *ex parte* status reports depicting the status of work, anticipated third-party services, and whether that work remains within the budget of any funds authorized by the Court, with a copy provided to defense counsel.

DATED this 16th day of October, 2026

Jamal N. Whitehead
U.S. District Court Judge